UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and Local #49 International Union of Operating Engineers and Associated General Contractors of Minnesota Apprenticeship and Training Program and their Trustees,<br><br>        Plaintiffs,<br><br>v.<br><br>Leaf Construction, Inc.; and Mark D. Leaf, individually,<br><br>        Defendants. | Civ. No. 10-3281 (JNE/JJK)<br><br>**REPORT AND RECOMMENDATION** |

Amy L. Court, Esq., Carl. S. Wosmek, Esq., Michael P. Eldridge, Esq., McGrann Shea Carnival Straughn & Lamb, Chtd, counsel for Plaintiffs.

No appearances made by either Defendant.

This matter is before this Court for a Report and Recommendation to the District Court on Plaintiffs' Motion for Entry of Judgment (Doc. No. 15). *See* 28 U.S.C. § 636(b)(1) and D. Minn. Loc. R. 72.1. A hearing on the motion was held on January 4, 2011. Michael P. Eldridge of McGrann Shea Carnival Straughn & Lamb, Chtd, appeared for and on behalf of Plaintiffs. There was no appearance

1

on behalf of either Defendant. For the reasons stated below, this Court recommends that Plaintiffs' motion be granted.

## FINDINGS OF FACT

1. Plaintiffs filed the Complaint in this matter on August 2, 2010. The Summons and Complaint were personally served upon Defendant Mark D. Leaf, both in his individual capacity and in his capacity as Defendant Leaf Construction, Inc.'s authorized agent, on August 4, 2010.

2. Plaintiffs filed their Amended Complaint in this matter on September 24, 2010. The Amended Complaint was personally served upon Defendant Mark D. Leaf, both in his individual capacity and in his capacity as Defendant Leaf Construction, Inc.'s authorized agent, on September 27, 2010.

3. Defendants failed to file and serve a response or Answer to the Summons and Complaint and also failed to file and serve a response or Answer to the Amended Complaint.

4. The Application for Entry of Default and Affidavit of Amy L. Court in support of the application for Entry of Default were filed with the Court on August 26, 2010.

5. The Clerk's Entry of Default was entered on August 26, 2010.

6. Plaintiffs are the trustees and fiduciaries of the Operating Engineers Local #49 Health and Welfare Fund, the Central Pension Fund of the International Union of Operating Engineers and Participating Employers, and the Local #49 International Union of Operating Engineers and Associated General

Contractors of Minnesota Apprenticeship and Training Program (the "Funds").

7. The Funds are multi-employer jointly-trusteed fringe-benefit plans created and maintained pursuant to provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA").

8. The Funds are exempt from federal taxation pursuant to the Internal Revenue Code.

9. At all times material herein, Defendant Leaf Construction, Inc. ("Leaf Construction") was bound to the terms of a Collective Bargaining Agreement between Highway, Railroad and Heavy Construction of the Associated General Contractors of Minnesota and the International Operating Engineers Local #49 ("Collective Bargaining Agreement").

10. In addition, Defendant Mark D. Leaf ("Leaf") executed a Participating Agreement with the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Participating Agreement"). The Welfare Participating Agreement provides that in executing the Welfare Participating Agreement, Leaf agreed to bind himself individually to the full and faithful performance of the Welfare Participating Agreement.

11. The Welfare Participating Agreement states that Leaf Construction and Leaf shall contribute to the Operating Engineers Local #49 Health and Welfare Fund in accordance with the terms of Agreement and Declaration of Trust for the Operating Engineers Local #49 Health and Welfare Fund ("Welfare Trust Agreement") and that Leaf Construction and Leaf agree to be bound to the

terms of the Welfare Trust Agreement.

12. The Collective Bargaining Agreement and the Welfare Trust Agreement require Leaf Construction and Leaf to contribute every month, not later than the 15th day of the following month contributions to the Funds in an amount set forth in the Collective Bargaining Agreement for each hour worked by their employees covered by the Collective Bargaining Agreement.

13. The Collective Bargaining Agreement and Welfare Trust Agreement require Leaf Construction and Leaf to calculate the contributions due and owing in any given month to the Funds on a report form which must be submitted with Leaf Construction's monthly payment.

14. The Collective Bargaining Agreement states that an employer shall be considered delinquent for a particular month if the required report and payment are not postmarked on or before the 15th day of the following month.

15. The Collective Bargaining Agreement also permits the Funds or their authorized agents to examine an employer's payroll and employment records whenever such examination is deemed necessary by the Funds or their authorized agents in connection with the proper administration of the Funds.

16. The Collective Bargaining Agreement further requires Leaf Construction and Leaf to promptly furnish to the Funds or their authorized agents, on demand, all necessary employment and payroll records relating to Leaf Construction's employees covered by the Collective Bargaining Agreement, as well as any other information that may be required by the Funds in connection

4

with the administration of the Funds.

17. Leaf Construction and Leaf failed to timely submit the required fringe-fund reports and contributions for the months of April 2010 through June 2010.

18. In lieu of the delinquent fringe-fund reports, the Funds' authorized agent requested a complete set of Leaf Construction's payroll and employment records for the period of January 2007 through June 2010 ("Audit Period"). Leaf Construction and Leaf produced the requested records, and the Funds' authorized agent reviewed them to determine whether Leaf Construction and Leaf complied with their contribution obligations to the Funds as set forth in the Collective Bargaining Agreement.

19. In conducting the audit, the Funds' authorized agent determined that there were hours worked by Leaf Construction's employees covered by the Collective Bargaining Agreement for which contributions were not made to the Funds. The Funds' authorized agent then created an audit invoice setting forth these contributions.

20. Pursuant to the audit invoice, $60,565.23 was due and owing the Funds for delinquent contributions for the Audit Period. Of this amount, $29,924.15 was due and owing the Operating Engineers Local #49 Health and Welfare Fund only.

21. During the pendency of this litigation, Leaf Construction and Leaf made partial payments in the amount of $1,630.00 to the Funds, and for which

5

they are entitled to a credit.

22. Following the application of this credit, $58,935.23 remains due and owing the Funds for delinquent contributions for the Audit Period. Of this amount, $28,294.15 remains due and owing only to the Operating Engineers Local #49 Health and Welfare Fund.

23. The Welfare Trust Agreement states that an employer is liable for liquidated damages in the amount of 15 percent of the delinquent contributions if the employer is delinquent three or more times in a twelve month period.

24. The Collective Bargaining Agreement states that if an employer becomes delinquent, the employer shall be required to pay as liquidated damages an amount equal to 15 percent of the payment otherwise due.

25. Liquidated damages of $9,084.78 are due and owing to all Funds for the Audit Period.

26. Liquidated damages of $4,488.62 are due and owing solely to the Operating Engineers Local #49 Health and Welfare Fund for the Audit Period.

27. The Welfare Trust Agreement states that employers are liable for any attorney fees or expenses incurred by the Funds in pursuing the collection of delinquent contributions.

28. The Collective Bargaining Agreement states that delinquent employers shall be required to pay all costs of collection actually incurred by the Funds, including all attorney fees, service fees, filing fees, court-reporter fees, and all other fees, costs, disbursements incurred by or on behalf of the Funds in

collecting amounts due.

29.     The Funds incurred attorney fees and costs in this matter in the amount of $2,033.64.  These attorney fees and costs were reasonable under the circumstances and limited to performing those services necessary for the prosecution of the Funds' claims.

30.     The total amount due and owing the Funds from Leaf Construction for delinquent contributions, liquidated damages, and attorney fees and costs for the period of January 2007 through June 2010 is $70,053.65.  Of this amount, Leaf is jointly and severally liable to the Funds in the amount of $34,816.41.

## CONCLUSIONS OF LAW

1.     Leaf Construction and Leaf are in default and the Funds are entitled to Entry of Judgment.

2.     Leaf Construction owes $58,935.23 for delinquent fringe-benefit contributions to the Funds for the period of January 2007 through June 2010.

3.     Leaf is jointly and severally liable to the Operating Engineers Local #49 Health and Welfare Fund in the amount of $28,294.15 for delinquent fringe-benefit contributions for the period of January 2007 through June 2010.

4.     Leaf Construction owes $9,084.78 for liquidated damages to the Funds for the period of January 2007 through June 2010.

5.     Leaf is jointly and severally liable to the Operating Engineers Local #49 Health and Welfare Fund in the amount of $4,488.62 for liquidated damages for the period of January 2007 through June 2010.

6.  Leaf Construction and Leaf are jointly and severally liable for attorney fees and costs in the amount of $2,033.64.

## RECOMMENDATION

Based on the submissions, files, and records herein, **IT IS HEREBY RECOMMENDED** that:

1.  Plaintiffs' Motion for Entry of Judgment (Doc. No. 15), be **GRANTED**;

2.  That judgment, in the amount of $70,053.65 be entered against Leaf Construction, Inc. and in favor of Plaintiffs;

3.  That judgment, in the amount of $34,816.41 of the $70,053.65 be entered against Defendant Mark D. Leaf and in favor of Plaintiffs; and

4.  Upon adoption of this Recommendation, the District Court will issue an Order for Entry of Judgment.


Date: January 4, 2011         __s/ Jeffrey J. Keyes_____
                                                  JEFFREY J. KEYES
                                                  United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by**, January 18, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This

Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.